Dear Dr. Coe:
This office is in receipt of your opinion request. Specifically, you ask whether you, as a salaried coroner, are entitled to charge the Parish of Livingston for coroner emergency commitment exams for psychiatric patients. You cite C. Cr. P. 659 in support of your contention that you can charge such fees. Significantly, the facts that you submitted do not indicate that a court appointed you "to make a mental examination and report prior to commitment." C. Cr. P. 659.
Generally, a salaried coroner is not entitled to receive fees for the services listed in LSA-R.S. 33:1556(A), such as investigations, the performance of autopsies and the issuance of papers in cases involving interdictions or commitments. However, there are exceptions. For instance, under section 1556(B), coroners are allowed to collect fees under certain circumstances. LSA-R.S. 1156(B)(3) specifically states that "the parish shall pay the fees for all mental or physical examinations or investigations, commitments, interdictions, court attendance, or testimony and a just fee or remuneration for attending parish prisoners."
Another exception is contained in LSA-R.S. 33:1561. This statute allows salaried coroners to be paid expert witness fees where they have been called to testify as witnesses in a professional capacity in their respective fields of expertise.
LSA-C. Cr. P. 659 provides a third exception. The statute states in pertinent part the following:
 The fees and expenses of physicians, including coroners and other physicians in the employ of the state or its political subdivisions, appointed by a court to make a mental examination and report prior to commitment shall be fixed by the court in an amount not less than the fees set forth in R.S. 33:1556 and shall be paid by the parish where the prosecution was instituted. The fee paid to the coroner or other physician in the employ of state shall be in addition to his salary.
 Even though section LSA-R.S. 33:1556(A) contains an exception to the general rule that salaried coroners are not entitled to receive fees for services listed therein, certain statutory requirements must be met before a salaried coroner can claim entitlement to fees in addition to his salary. First, the statute is codified in the Code of Criminal Procedure and makes reference to the "prosecution" presumably of the prisoner that the State wants to have committed. Thus, the statute would seem to only have applicability in the criminal area. The second requirement is that a Court appoint the coroner to make an examination and issue a report prior to commitment. Without meeting these requirements, the salaried coroner cannot receive additional compensation. In this case, you wish to be compensated for coroner emergency commitment cases. The facts do not indicate that any court has appointed you as an expert witness in either a criminal or civil proceeding. Nor has any court asked you to make an examination and report prior to commitment. Thus, you are not entitled to receive additional compensation in the form of fees because the criteria for invoking the statute have not been met.
We hope that this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: ___________________________
 CHRISTOPHER D. MATCHETT Assistant Attorney General
CCF, Jr.:CDM:lrs